IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BNSF RAILWAY COMPANY | ' |
| Plaintiff, | ' |
| vs. | ' CIVIL ACTION NO. CIV-14-616-L |
| C.A.T. CONSTRUCTION, INC. and THOMPSON LOGISTICS, L.L.C. | ' |
| Defendants | ' |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, BNSF Railway Company, and files this Complaint, complaining of Defendant C.A.T. Construction, Inc. and Thompson Logistics, L.L.C., and would show the following:

**PARTIES**

1. BNSF Railway Company is a Delaware corporation with its principal place of business in Fort Worth, Texas.

2. Defendant C.A.T. Construction, Inc. is an Oklahoma corporation with its principal place of business in the State of Oklahoma. It may be served with process by serving its registered agent, Curtis Thompson, at 12965 25th E. Avenue, Coweta, OK 74429, or wherever he may be found.

3. Defendant Thompson Logistics, L.L.C. is an Oklahoma corporation with its principal place of business in Oklahoma. It may be served with process by serving its

1

registered agent, Pat J. Thompson, 25787 E. 131st St., Coweta, OK 74429, or wherever he may be found.

### JURISDICTION

4.  The Court has jurisdiction of this case under 28 U.S.C. § 1332 as there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### VENUE

5.  Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to these causes of action arose in this district.

### FACTUAL BACKGROUND

7.  C.A.T. Construction, Inc. and Thompson Logistics, L.L.C. (collectively, "the Defendants") are trucking companies that transport heavy and oversized industrial equipment, and own and operate various tractor-trailers which have commodities throughout the State of Oklahoma.

8.  One of the Defendants' employees was driving a truck and trailer with a load of sand through Noble County, Oklahoma on June 16, 2012.

9.  The truck and trailer was under the control or ownership of the Defendants. The driver of the vehicle attempted to cross a railroad crossing; the load became "high centered", stuck, or otherwise stopped on the railroad crossing.

10. A BNSF Railway Company freight train and its crew approached the crossing with no notice that the truck and trailer was blocking the railroad tracks.

11.    The train could not stop in time, causing a collision between the Defendants' tractor-trailer and the lead locomotive.

12.    The collision caused Plaintiff, BNSF Railway Company to suffer serious damage to its equipment, including its locomotive, the rail cars, crossing equipment and other property, and caused extensive train/locomotive delays.

## CAUSE OF ACTION: NEGLIGENCE OF DEFENDANTS

13.    Paragraphs 1 through 12 are incorporated herein as if set forth at length, and the statement paragraphs are a part of these causes of action as if set forth by reference.

14.    Whenever it is alleged that the Defendants acted or failed to act, it is alleged that they did so by and through their agents, officers, principals, vice-principals, and employees acting within the course and scope of their agency, employment, or other relationship with the Defendants.

15.    At all relevant times to these causes of action, the Defendants owed the duty to act as a reasonable and prudent company and trucking company.  Defendants breached these duties by among other acts and/or omissions:

   a.    failing to adequately train and instruct their drivers regarding their responsibilities, including, but not limited to their responsibilities to comply with state laws, and/or regulations and company policies governing the operation of vehicles;

   b.    failing to properly supervise their drivers in their responsibilities and duties;

   c.    failing to properly maintain the equipment so as to allow its tractor-trailer rig to safely transport loads;

   d.    entrusting vehicles to drivers when it was unsafe to do so;

    e.    failing to properly instruct drivers as to proper and safe routes, and to provide proper maps;

    f.    failing to instruct drivers as to their responsibilities when they block traffic and cause hazards to motorists, trains, and other vehicles;

    g.    failing to verify the route to be travelled by the heavily-laden vehicles to ensure that the route was appropriate for the load and tractor-trailer configurations;

    h.    failing to implement proper procedures so as to prevent trailer loads from blocking traffic, including rail traffic; and

    i.    failing to supply proper equipment to the operators of its tractor-trailer rigs in order to allow them to safely transport loads and navigate intersections (including railroad grade crossings).

16.    Each of the above acts and/or omissions was a proximate cause of the occurrence in question and damages sustained by BNSF Railway Company.

17.    Defendants are vicariously liable to Plaintiff for the damages proximately caused by the negligent conduct of its driver, employees and/or statutory employees, including but not limited to, Danny Keith Whisenhunt.  At the time of the incident made the basis of this suit, Defendants' employees and/or statutory employees were acting within the course and scope of their employment with Defendants. Defendants are vicariously liable for the negligent acts and/or omissions of its employees, including but not limited to, Danny Keith Whisenhunt, on the basis of *respondeat superior*.

18.    As a direct and proximate result of C.A.T. Construction, Inc.'s negligence, BNSF Railway Company's train was seriously damaged and delayed near Morrison, Oklahoma.

## DAMAGES

23. As a result of the derailment, BNSF Railway Company has incurred damages in an amount in excess of $500,000.00, including costs associated with maintenance of way labor, maintenance of way material, maintenance of way material handling, tax and transportation, invoice payments, work train crew, freight cars – damaged/destroyed, train/locomotive delay and related crew expenses, lading damaged/destroyed and miscellaneous costs.

## DEMAND FOR JURY TRIAL

24. BNSF Railway Company demands a trial for jury by all issues so triable.

## PRAYER

WHEREFORE, premises considered, Plaintiff respectfully requests the Defendants be cited to appear and answer and that upon final trial by jury, Plaintiff recover against the Defendants all damages as set forth above, costs, including reasonable attorneys' fees as permitted by 12 O.S. § 940 (A) and such other, further and different relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

  /Lance C. Cook/
J.R. "Randy" Baker, OBA #452
Lance C. Cook, OBA #21143
9505 North Kelley Avenue
Oklahoma City, OK 73131
(405) 605-9000 (Telephone)
(405) 605-9010 (Facsimile)
lcook@hiltgenbrewer.com
ATTORNEYS FOR PLAINTIFF